ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Vectrus Systems Corporation | ) ASBCA No. 61651 |
| | ) |
| Under Contract No. FA3002-17-C-0009 | ) |

APPEARANCES FOR THE APPELLANT:  Joseph G. Martinez, Esq.
Eric P. Roberson, Esq.
Mikaela E. Colvin, Esq.
 Dentons US LLP
 Denver, CO

APPEARANCES FOR THE GOVERNMENT:  Caryl A. Potter, Esq.
 Air Force Deputy Chief Trial Attorney
Christopher M. Judge Hilborn, Esq.
 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE YOUNG
ON THE PARTIES' JOINT REQUEST FOR A DECISION ON ENTITLEMENT

Pending before the Board is a joint request submitted by the parties on September 20, 2022 ("the joint request" or "motion") to issue an order finding entitlement in favor of Vectrus Systems Corporation ("Vectrus" or "appellant") and remand the appeal back to the parties for a resolution of quantum. In the joint request, the parties assert that the contracting officer withdrew the contracting officer's final decision ("COFD") giving rise to this appeal because the government now agrees that appellant is entitled to an adjustment as described in the claim before us. On September 28, 2022, we convened a conference call and upon carefully hearing the position of the parties directed them, *sua sponte,* to submit a joint brief addressing the impact of the withdrawal of the contracting officer's final decision on the Board's jurisdiction. The parties submitted a joint brief (joint br.) on October 25, 2022. Because there is no longer a live controversy for the Board to adjudicate, we dismiss the appeal as moot.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On March 19, 2018, the contracting officer issued a COFD denying appellant's certified claim (joint request at 2). Vectrus appealed the COFD to the Board, giving rise to the instant appeal.

2. On August 24, 2022, the contracting officer issued a new decision styled "Contracting Officer Final Decision, DRMO/DLADS Claim (Entitlement)" (the new COFD), withdrawing the COFD of March 19, 2018. In the new COFD, the contracting officer states that upon newly found information, the government "decided that Vectrus is entitled to an adjustment of the contract price in accordance with its interpretation [of the contract]." (Joint request, ex. 1 at 1-2)

3. In the new COFD, the contracting officer invites Vectrus "to submit a revised, certified proposal with all documentation supporting its claimed amount . . . after which the Government intends to issue a final decision on quantum" (*id.* at 7) (emphasis omitted).

4. Paragraph 8 of the new COFD states: "The Contracting Officer's Final Decision, dated March 19, 2018, is hereby withdrawn in its entirety." (*Id.* at 2).[*]

5. In the joint request, the parties request that we issue

> [a]n Order finding that:
>
> (1) Vectrus is entitled to a price adjustment in accordance with its claim that the Government changed the Contract by requiring Vectrus to receive and process non-supply line items materials for disposition through DRMO / DLADS; and
>
> (2) the appeal should be remanded back to the parties for resolution of quantum.
>
> . . . If the Parties are unable to reach an agreement on quantum, the Government will issue a final decision on quantum. Vectrus may appeal the Government's final decision on quantum . . .by submitting a notice to the Board, at which time a docket number will be assigned to the quantum aspect of the appeal for further proceedings.

(Joint request at 3)

---

[*] It should be noted that in addition to the above, the new COFD contained appeal language. By letter dated November 21, 2022, Vectrus filed a notice of appeal with the Board (which was docketed as ASBCA No. 63465), presumably to preserve its rights, and requested consolidation with the instant appeal. Due to the pending joint motion, on December 8, 2022, the request was denied.

DECISION

Our jurisdiction arises under the Contract Disputes Act, 41 U.S.C. § 7101 et seq., which charges agency Boards with providing "informal, expeditious, and inexpensive resolution of *disputes*" (41 U.S.C. § 7105(g)(1) (emphasis added)). It is axiomatic that in order for our Board to assert jurisdiction under the Contract Disputes Act, there must be a dispute for the Board to adjudicate. "Where a contracting officer unequivocally rescinds a government claim and the final decision asserting that claim with no evidence that the action was taken in bad faith, there is no longer any claim before the Board to adjudicate. The government's voluntary action moots the appeal, leaving the Board without jurisdiction to entertain the appeal further." *BAE Systems Tactical Vehicle Systems LP*, ASBCA Nos. 59491, 60433, 17-1 BCA ¶ 36,585 at 178,200 (contracting officer rescinded her final decision in its entirety, and disclaimed any intention on the part of the government to issue a new final decision); *see also DCX-CHOL Enterprises, Inc.,* ASBCA No. 60782, 17-1 BCA ¶ 36,694 at 178,654 (where the CO unequivocally rescinded the demand for payment that was the subject of the appeal and stated the government no longer intended to pursue the matter, and there was no evidence that the rescission was taken in bad faith, "the CO's voluntary action moots the appeal and leaves us with nothing to adjudicate")*; URS Federal Support Services*, ASBCA No. 60364, 17-1 BCA ¶ 36,587 at 178,204 (citing *Combat Support Associates*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288 at 176,974 ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome")); *L-3 Communications Integrated Systems, L.P.,* ASBCA Nos. 60431, 60432, 16-1 BCA ¶ 36,362 at 177,253.

The parties argue that "[t]he Board was vested with jurisdiction when Vectrus timely filed its notice of appeal," and once a timely appeal has been filed, the Board's jurisdiction may not be divested by way of rescission of the contracting officer's final decision (joint br. at 4). The parties rely on *Mountain Movers/Ainsworth-Benning, LLC*, ASBCA No. 62164, 20-1 BCA ¶ 37,664 at 182,869 and cases cited therein. However, the parties' reliance is misplaced. In *Mountain Movers*, the contracting officer concluded that his suspicion that the contractor had made fraudulent misrepresentations had the effect of divesting him of authority to issue a final decision and withdrew his final decision. 20-1 BCA ¶ 37,664 at 182,866. The government argued that the rescission of the final decision deprived the Board of jurisdiction. *Id.* at 182,866-67. The contractor's claim against the government, however, remained unresolved. *Id.* at 182,869. The Board held that we retain jurisdiction when we do not need to make a factual finding of fraud, and concluded additionally that "the government's rescission of the [ ] final decision did not moot the issues before us, because [the contractor] has not received all the relief requested, as would be the case if the government had withdrawn a government claim." *Mountain Movers,* 20-1 BCA ¶ 37,664 at 182,869.

3

The parties similarly rely on *Falcon Research & Development Co.*, ASBCA No. 26853, 87-1 BCA ¶ 19,458 at 98,335, for the proposition that "once a timely appeal has been filed, the Board's jurisdiction may not be divested by way of rescission of the prior final decision." However, this decision is factually distinguishable from the instant appeal. In *Falcon*, the government withdrew the original contracting officer's decision and substituted it with a new one, but the dispute over cost overruns remained alive. The Board held that the later decision did not preclude the Board from considering the initial decision on the merits. *Falcon*, 87-1 BCA ¶ 19,458 at 98,336.

In the appeal before us, the parties agree that Vectrus is entitled to a price adjustment in accordance with its claim (SOF ¶¶ 2, 5). The government agreed with Vectrus' interpretation of the contract, and the contracting officer withdrew the COFD (SOF ¶¶ 2, 4). There is no evidence that the government withdrew the COFD in bad faith. In the new COFD, the government invites Vectrus to submit a revised certified proposal supporting its claimed amount, after which the Government intends to issue a final decision on quantum (SOF ¶ 3). This submission may or may not result in a new disagreement between the parties, and it is premature to surmise that a controversy will arise therefrom. The facts before us support that the parties agree that Vectrus' claim is valid, and nothing in the record suggests that the government intends to dispute the matter of entitlement further, or that the rescission was taken in bad faith. Thus, there is no longer a live controversy before the Board, and there is nothing for us to adjudicate. (*See Combat Support Associates,* 16-1 BCA ¶ 36,288 at 176,974, citing *Humane Society of the United States v. Clinton*, 236 F.3d 1320, 1331 (Fed. Cir. 2001); *BAE Systems*, 17-1 BCA ¶ 36,585 at 178,200). Accordingly, as entitlement has been resolved in Vectrus' favor and the parties have agreed to handle quantum in a manner consistent with the new COFD, there is no need for the Board to take any further action on the instant appeal.

CONCLUSION

Accordingly, the joint motion is denied and the appeal is dismissed as moot.

Dated: February 6, 2023

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur                                    I concur


RICHARD SHACKLEFORD                         OWEN C. WILSON
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61651, Appeal of Vectrus Systems Corporation, rendered in conformance with the Board's Charter.

Dated: February 8, 2023


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5